# Election for Assessor in Newberry Township. Appeal of Noah S. Gosnell.

*Election law—Improper marking of ballots—Act of June 10, 1893.*

In an election contest for the office of assessor, it appeared that the election officers rejected three ballots. Each of the ballots contained a cross marked in the circle at the head of the republican column, in which column was printed the name of contestant in the space designated for the candidate for assessor. In two of the ballots the names of two of the candidates for the office of auditor in the republican column were erased with a pencil mark, and cross marks were placed in the square at the right of the names of two of the candidates for auditor in the democratic column. In the third ballot the name of the candidate for the office of supervisor in the republican column was stricken out with a pencil mark, and a cross mark was placed in the square at the right of the name of one of the candidates for supervisor in the column set apart for candidates put in nomination by "nomination papers." *Held*, that the entire ballots were illegal.

Argued May 18, 1898. Appeal, No. 166, Jan. T., 1898, by Noah S. Gosnell, from order of Q. S. York Co., deciding that Augustus G. Kohr is entitled to the office of assessor of Newberry township. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed. MITCHELL, J., dissents.

Petition in an election contest.

An election for township officers was held in Newberry town-

ship, York county, Pennsylvania, on February 15, 1898. Among the offices to be filled was that of assessor. Of the ballots cast, counted and returned by the election officers, Augustus G. Kohr, the democratic candidate, received 172 votes, and Noah S. Gosnell, the republican candidate, received 171 votes. In addition to the ballots so cast and counted, three additional ballots were cast but rejected by the board of election officers.

Two of the rejected ballots were as shown in the following diagrams :

A CROSS (X) MARKED IN THE SQUARE AT THE RIGHT CF THE NAME OF EACH CANDIDATE, INSIDE THE LINE ENCLOSING THE COLUMN, INDICATES A VOTE FOR EACH CANDIDATE THUS MARKED.

IF A CROSS (X) BE MARKED WITHIN THE CIRCLE IT WILL BE EQUIVALENT TO A MARK OPPOSITE EVERY NAME IN THE COLUMN.

THOSE WHO DO NOT DESIRE TO VOTE A STRAIGHT TICKET MUST NOT MARK A CROSS WITHIN THE CIRCLE AT THE HEAD OF THE COLUMN.

| FOR A STRAIGHT TICKET ⊗ MARK WITHIN THE CIRCLE. | FOR A STRAIGHT TICKET ◯ MARK WITHIN THE CIRCLE | FOR A STRAIGHT TICKET ◯ MARK WITHIN THE CIRCLE. |
|---|---|---|
| **REPUBLICAN.** | **DEMOCRATIC.** | **By Nomination Papers.** |
| JUDGE. (Mark One.) | JUDGE. (Mark One.) | |
| Solmon Urich. | John C. Beard. | |
| INSPECTOR. (Mark One.) | INSPECTOR. (Mark One.) | |
| Morris Fisher. | Albert Shimmel, | |
| JUSTICE OF THE PEACE. (Mark One.) | JUSTICE OF THE PEACE. (Mark One.) | |
| C. J. Eckert. | Morris M Hays. | |
| ASSESSOR. (Mark One.) | ASSESSOR. (Mark One) | |
| Noah S. Gosnell, | Augustus G. Kohr. | |
| SUPERVISOR. (Mark One.) | SUPERVISOR. (Mark One.) | SUPERVISER. (Mark One ) |
| Harry H. Writer. | John R. Koller. | Brtram Shelley, |
| SCHOOL DIRECTOR. (Mark Two.) | SCHOOL DIRECTOR. (Mark Two.) | John N. Wilt. |
| Harry Shindler, | Alfred Spangler. | |
| Samuel R. Willis. | Jacob Conley. | |
| AUDITOR. (Mark Three.) | AUDITOR. (Mark Three.) | |
| ~~David G. Liber~~ | Jacob E. Myars. ⊠ | |
| ~~Albert O. Dasgoo~~ | Jacob M. Schröll. ⊠ | |
| Aaron Bare. | William H. Snelbaker. | |
| TOWNSHIP CLERK (Mark One.) | TOWNSHIP CLERK. (Mark One ) | |
| Martin S. Taylor. | Henry A. Shimmel. | |

The other one was in this form.

A CROSS (✗) MARKED IN THE SQUARE AT THE RIGHT OF THE NAME OF EACH CANDIDATE, INSIDE THE LINE ENCLOSING THE C)LUMN, INDICATES A VOTE FOR EACH CANDIDATE THUS MARKED

IF A CROSS (✗) BE MARKED WITHIN THE CIRCLE IT WILL BE EQUIVALENT TO A MARK OPPOSITE EVERY NAME IN THE COLUMN

THOSE WHO DO NOT DESIRE TO VOTE A STRAIGHT TICKET MUST NOT MARK A CROSS WITHIN THE CIRCLE AT THE HEAD OF THE COLUMN

| FOR A STRAIGHT TICKET ⊗ MARK WITHIN THE CIRCLE. | FOR A STRAIGHT TICKET ◯ MARK WITHIN THE CIRCLE. | FOR A STRAIGHT TICKET ◯ MARK WITHIN THE CIRCLE. |
|---|---|---|
| **REPUBLICAN.** | **DEMOCRATIC.** | **By Nomination Papers.** |
| JUDGE. (Mark One.) | JUDGE. (Mark One.) | |
| Solmon Urich. | John C. Beard. | |
| INSPECTOR. (Mark One.) | INSPECTOR. (Mark One.) | |
| Morris Fisher. | Albert Shimmel, | |
| JUSTICE OF THE PEACE. (Mark One.) | JUSTICE OF THE PEACE. (Mark One) | |
| C. J. Eckert. | Morris M. Hays. | |
| ASSESSOR. (Mark One.) | ASSESSOR. (Mark One) | |
| Noah S Gosnell. | Augustus G. Kohr. | |
| SUPERVISOR. (Mark One.) | SUPERVISOR. (Mark One.) | SUPERVISER. (Mark One) |
| ~~Harry K. Walter~~ | John R. Koller. | Brtram Shelley. |
| | | John N. Wilt. ✗ |
| SCHOOL DIRECTOR. (Mark Two.) | SCHOOL DIRECTOR. (Mark Two.) | |
| Harry Shindler. | Alfred Spangler. | |
| Samuel R. Willis. | Jacob Conley | |
| AUDITOR. (Mark Three.) | AUDITOR. (Mark Three.) | |
| David S. Able | Jacob E. Myers. | |
| Albert C. Burger. | Jacob M. Schroll. | |
| Aaron Bare. | William H. Snelbaker. | |
| TOWNSHIP CLERK (Mark One.) | TOWNSHIP CLERK. (Mark One) | |
| Martin S. Taylor | Henry A. Shimmel. | |

The other material facts appear by the opinion of the Supreme Court.

The court in an opinion by BITTENGER, P. J., sustained the action of the election officers. in rejecting the ballots in controversy.

*Error assigned* was in refusing to count the rejected ballots.

*Smyser Williams*, with him *Richard E. Cochran*, for appellant.—The ballots, except as to the candidates for auditor in

the one case and for supervisor in the other, are self explanatory, and require no evidence dehors to explain them. In each case the intention of the voter to cast his vote for Noah S. Gosnell for assessor is perfectly clear upon an inspection of the ballot.

The contention is not in conflict with the principles laid down by this Court in the cases of McCowin's Appeal, 165 Pa. 233, Redman's App., 173 Pa. 59, Lawlor's App., 180 Pa. 566, and Flynn's Election, 181 Pa. 457. The facts in those cases are entirely different from the one at bar. In none were the entire ballots thrown out because of a mistake made in marking one or more of the candidates.

*J. R. Strawbridge*, with him *Frank Geise*, for appellee, cited McCowin's App., 165 Pa. 233; Redman's App., 173 Pa. 59; Flynn's Election, 181 Pa. 457.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 21, 1898:

At the last spring election for township officers in Newberry township three ballots were rejected by the election board, whose action was affirmed by the court below. If the ballots had been counted for the appellant, he would have been elected to the office of assessor of said township. Hence this appeal.

Each of the ballots contained a cross marked in the circle at the head of the republican column, in which column was printed the name of appellant in the space designated for the candidate for assessor. In two of the ballots the names of two of the candidates for the office of auditor in the republican column were erased with a pencil mark, and cross marks were placed in the squares at the right of the names of two of the candidates for auditor in the democratic column. In the third ballot the name of the candidate for the office of supervisor in the republican column was stricken out with a pencil mark and a cross mark was placed in the square at the right of the name of one of the candidates for supervisor in the column set apart for candidates put in nomination by "nomination papers."

Under our rulings in Redman's Appeal, 173 Pa. 59, and Flynn's Case, 181 Pa. 457, these ballots were clearly illegal. As was said in the latter case, " Compliance with the provisions

of the act of 1893 furnishes the only safe guide as to the intention of the voter, and the facilities for such compliance are quite sufficient to render non-compliance inexcusable."

Appellant's counsel contends that these ballots should be counted for his client under section 27 of the Act of June 10, 1893, P. L. 432, which reads thus: " If the voter marks more names than he is entitled to vote for, for an office, or if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office, but the ballot shall be counted for all other offices for which the names of candidates have been properly marked." The difficulty in applying this section to the facts of this case is that none of the names of the candidates has been properly marked. For these and other reasons given by the learned president of the court below we have no doubt the ballots in question were properly rejected.

The decree is therefore affirmed and appeal dismissed at appellant's costs.