## Dailey's Appeal.

*Election law—Improper marking of ballot—Act of April 29, 1903,*
*P. L. 338.*

At a municipal election held February 15, 1910, a ballot was cast
containing a cross mark in the democratic square, indicating a vote for
all the candidates of that party, including one for the office of school
director. The ballot also contained a mark to the right of the name of
another person that had been written into the ballot as a candidate for
school director. *Held*, that under the Act of April 29, 1903, P. L. 338,
as under the election Act of June 10, 1893, P. L. 419, which it amended,
the entire ballot was illegal: Newberry Township Election, 187 Pa.
297, followed.

The use of the word "may" in the Act of April 29, 1903, P. L. 338,
instead of the word "shall" in sec. 22, of the amended act of June 10,
1893, P. L. 419, does not change the law giving to a voter a choice of
methods in the preparation of his ballot.

Argued April 25, 1911. Appeal, No. 256, Jan. T., 1910,
by Richard P. Dailey, from judgment of Q. S. Erie Co.,
Feb. Sessions, 1910, No. 46, in the Matter of the Election
Contest for Select Councilman in the Fourth Ward of the
City of Erie. Before FELL, C. J., BROWN, MESTREZAT,
STEWART and MOSCHZISKER, JJ. Affirmed.

Petition in an election contest.
The facts appear in the opinion of the Supreme Court.

*Error assigned* among others was in deciding that the
ballot in question was not a legal ballot for Richard P.
Dailey, democratic candidate for select councilman.

*Frank Gunnison,* of *Gunnison, Fish, Gifford and Chapin,*
with him *L. E. Torrey,* for appellant.—The Act of April 29,
1903, P. L. 338, has changed the law from what it was
under the act of 1893 as construed in Newberry Township
Election Case, 187 Pa. 297; Rich v. Keyser, 54 Pa. 86; In
re Carlson's License, 127 Pa. 330.

*E. L. Whittelsey*, with him *P. Vincent Gifford*, for appellees, cited: Newberry Township Election, 187 Pa. 297; McCowin's App., 165 Pa. 233; Redman's App., 173 Pa. 59; Gulick's App., 192 Pa. 446.

OPINION BY MR. JUSTICE STEWART, July 6, 1911:

At the municipal election held in the fourth ward of the city of Erie on February 15, 1910, several ballots admittedly irregular were cast. We are concerned with a single one of these. It contained a cross mark in the democratic square, indicating a vote for all the candidates of that party. Included among these candidates was Jacob Steinfurth, candidate for the office of school director. The ballot also contained a mark to the right of the name of John Heimburger that had been written into the ballot as a candidate for school director. The court below held it to be an attempt to vote for two persons for the same office when one only could be voted for, and therefore rejected it entirely from the count. The appellant who is a candidate for the office of select councilman on the democratic ticket complains of this, and insists that under the law the ballots should be counted for himself and all other candidates on the democratic ticket except the candidate for school director; that the irregularity went no further than to nullify the vote for that office. It will be observed that the irregularity is precisely the same as that which gave rise to the controversy in Newberry Twp. Election, 187 Pa. 297, where it was held that the ballot was wholly defective, and the court below was sustained in rejecting it from the count. That case arose under the election Act of June 10, 1893, P. L. 419. It is contended that the ruling there is inapplicable here because of the change effected in the law by the amending Act of April 29, 1903, P. L. 338. The difference in the language of the two acts relied upon as supporting this view is, that in the earlier act the word "shall" is used, while in the later one the word "may" is employed in dealing with the same subject. Section 22 of the earlier act provides that the elector

"shall prepare his ballot by marking, if he desires to vote for every candidate of a particular party, a cross in the circle above the column of such party, if otherwise he shall mark in the appropriate margin or place a cross (x) opposite the party named or political designation, or a group of candidates for presidential electors, and opposite the name of the candidate of his choice for each other office to be filled," etc. As amended by act of April 29, 1903, this section now reads, "If he desires to vote for every candidate of a political party, he may make a cross mark in the appropriate square, opposite the name of the party of his choice, in the straight party column on left of the ballot, and every such cross mark shall be equivalent to a vote for every candidate for the party so marked. If he desires to vote for an entire group of presidential electors, he may place a cross mark in the appropriate square, at the right of the name of the party of his choice. If he desires to divide his vote among candidates from different groups of presidential electors, he shall make a cross mark in the appropriate square to the right of the name of each candidate for presidential electors for whom he desires to vote. Provided, that a mark in the straight party column opposite the name of the party of his choice, shall also be counted as a mark for each presidential elector nominated by such party.

"He may vote according to the above provisions, for the candidate of his choice for each office to be filled, according to the number of persons to be voted for by him for each office, or he may insert in the blank space provided therefor, in accordance with sec. 14 of this act any name not already on the ballot," etc.

A comparison of the two acts must satisfy that the primary object in amending this particular section, was not to introduce substantial changes in the law, but rather to change the form of the ballot, and to make clear what before was inadequately expressed. Under the earlier act a choice of methods was allowed the elector when he came to prepare his ballot, notwithstanding the employ-

ment of the word "shall" in that connection. To vote a straight party ticket he could either place a cross mark in the circle above the party designated, or, no matter how many names of candidates appearing thereunder, he could accomplish the same result by placing his mark opposite the name of each. This much we have repeatedly ruled. The employment of the word "may" in the amending clause, gives no larger privilege in this regard than the elector enjoyed before; he may still employ either method with like definite results as before; he may adopt both without invalidating his ballot, but whether he adopt either or both, he has exhausted his privilege; and if having done this, he mark within the square opposite the name of a candidate for an office, for which the party of his choice has nominated another, it is an attempt to vote for two candidates for an office to which one only is to be elected, and the ballot is nullified. This is the doctrine of Newberry Twp. Election, supra, and we can discover no purpose in the amended act of 1903 to make any change in this respect. The difference in phraseology between the two acts signifies nothing more than a purpose on the part of the framer of the later act, to improve on the literal structure of the earlier, and in this we think he was successful. While in acts of assembly the words "shall" and "may" are often of like significance, yet it not infrequently happens that they are not of equal appropriateness. Here, considering all that was intended by the act, the word adopted in the amending section, even though it add nothing by way of perspicuity, is yet the more appropriate.

The act of 1903 makes but slight verbal change in the amended section of the act of 1893. The section referred to provides that if a voter mark more names than he is entitled to vote for for an office, or if for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted, for such office, but the ballot shall be counted for all other offices for which names of candidates have been properly marked. In Newberry Twp. Election, supra, where the ballot had the

same irregularity as this, the contention was made that under this provision it should be counted for all other offices than those duplicated; but it was there held, quoting from the opinion, "The difficulty in applying this section to the facts of this case is that none of the names of candidates have been properly marked."

We see nothing in the amendment to the section of the act here involved that exempts it in any way from the ruling in Newberry Twp. Election, supra, and following that authority we dismiss this appeal, and affirm the judgment of the court below.