## East Donegal Township's Contested Election.

*Election law—Contested elections—Marking of ballots—Act of June 10, 1893.*

1. Under the Ballot Law of June 10, 1893, P. L. 419, the intention of the voter as ascertained by evidence *dehors* his ballot is not controlling. It was intended that the ballot should be *per se* self-explanatory.

2. Even if a ballot be improperly marked for any one candidate, it is not invalid as a whole, and must be counted for all candidates for whom it is properly marked.

3. Where a voter marked a ballot in the party square and also opposite a candidate's name in the small square and outside of the square opposite the same candidate's name, it should be counted for that candidate.

4. Where a voter marked crosses opposite the names of three candidates in the small squares when there were only two vacancies to be filled, the ballot cannot be counted.

5. Where a voter marked a party square in which there were two nominees and wrote another name in the vacant space for names not on the ballot when there were only two vacancies, the ballot cannot be counted.

6. Where a voter marked his ballot only in the small squares for a Democratic candidate and another candidate on both Republican and Democratic squares, the ballot should be counted for the former and not for the latter candidate.

Contested election.    Q. S. Lancaster Co.

*Charles G. Baker,* for contestant; *John M. Groff,* contra.

LANDIS, P. J., March 27, 1926.—There are three election districts in East Donegal Township. One, the 10th, or Maytown District; another, the 53rd, or Springville District, and the 3rd, the 61st, or Lincoln School House District. At a municipal election held on Nov. 3, 1925, E. H. Tingley and G. Albert Raub were both candidates for school directors, and the real contest was between them, as it was conceded that John S. Simons was elected. The returns of the result from the various districts were as follows:

| | | | |
|---|---|---:|---:|
| Maytown District | Tingley, Rep | 161 | |
| | Tingley, Dem | 41 | |
| | Raub, Dem | | 201 |
| Springville District | Tingley, Rep | 51 | |
| | Tingley, Dem | 28 | |
| | Raub, Dem | | 125 |
| Lincoln School House District | Tingley, Rep | 153 | |
| | Tingley, Dem | 28 | |
| | Raub, Dem | | 141 |
| | Totals | 467 | 467 |

On Nov. 13, 1925, a number of citizens of the township presented their petition, contesting the election in the Maytown District and asserting that G.

Albert Raub was duly elected. On Nov. 24, 1925, certain other persons of the said township presented their petition, contesting the election in the Lincoln School House District and contending that, on the correction of certain errors, E. H. Tingley was duly elected. The errors were all alleged to be in the count made by the election officers. Thereupon the court ordered the ballot-boxes of these two districts to be brought into court, and the election officers, in the presence of and with the aid of two clerks representing the court, again counted the vote. The result of the recount in the Maytown District, as announced by the election officers, was as follows:

Votes conceded, Tingley, Rep...................... 159
               Tingley, Dem......................  42       201
               Raub, Dem.........................          198

Included in this count were eight votes in which Tingley's name was scratched out with lead-pencil and crosses were placed in the small squares opposite the names of Simons and Raub. We think that these votes were properly counted for Raub.

No. 1. One vote in the Democratic Party square and a cross opposite Raub in the small square and a cross outside the square opposite Raub's name. We think this vote should be counted for Raub.

Nos. 2, 3. Also two votes which had crosses opposite Tingley's name in the small square and a cross opposite Raub's name in the small square, but there was also a cross opposite Simons's name in the small square. As there were only two vacant places and these voters voted for three candidates, the consequence is that the votes cannot be counted for any one.

No. 4. Also a vote with a cross in the Democratic Party square, a lead-pencil mark over Tingley's name, and Simons's name was written in lead-pencil in the vacant space. There were no crosses in the small squares. Now, Tingley and Raub were the Democratic nominees. A cross in the Democratic square carried a vote for its nominees, unless the lead-pencil mark over Tingley's name eliminated them. This I do not think it did. If it did not, then the voter was voting for three persons, and the ticket could not be counted for any one. Simons's name could not be written in the vacant space, as his name was on the ballot.

In Redman's Election, 173 Pa. 59, it was said that: "Where a voter votes for a person whose name is printed on the ballot by marking with a cross opposite to such person's name, he has no right to insert the same person's name in the blank space provided exclusively for names not already on the ballot. If he does so, he vitiates his ballot and it will not be counted. The presumption in such a case is that the voter knew the blank space was intended only for the insertion of names not printed on the ballot, and that the person whose name he wrote in the blank space was not the same person whose name, printed in the left-hand column, he marked with a cross." It is also added that: "Under the Ballot Law of June 10, 1893, P. L. 419, it is not enough that the intention of the voter may possibly be ascertained or his irregularity or equivocal acts explained by evidence *dehors* his ballot. The purpose of the legislature in presenting the form of ballot and specifically directing how it should be prepared and used by the voter was to avoid all such inquiries and the consequences likely to result therefrom. It was intended that the ballot, when prepared by the voter and delivered to the proper election officer, should be *per se* self-explanatory." See, also, Newberry Township Election, 187 Pa. 297. I do not think that the Supreme Court,

in Gegg's Election, 39 Lanc. Law Rev. 260, meant to overrule this case and change the well-established rule.

In the Lincoln School House District the recount showed the following result:

| | | |
|---|---:|---:|
| Tingley, Rep | 138 | |
| Tingley, Dem | 23 | 161 |
| | | |
| Raub, Dem | | 128 |

In addition to these votes there were four ballots as follows:

No. 1. One vote with a cross in the Republican square, a straight mark after Simons, Rep., and also after Tingley, Rep., in the small square. This vote should be counted for Tingley.

No. 2. There was also a ballot with no mark in the party square, but a cross for Tingley, Rep., in the small square, a cross after Tingley, Dem., in the small square, and a cross after Raub in the small square. I think this ballot should be counted for Raub and not for Tingley, because he was twice voted for in the small squares.

Nos. 3, 4. There were also two ballots with no marks in the party squares, but a cross after Tingley, Rep., and a cross after Tingley, Dem., in the small squares. If the question raised as to No. 2 ballot is correct, then these votes cannot be counted for Tingley, he having been voted for twice in the squares.

There were also seven alleged defaced ballots which were objected to. No. 1 was a ballot with a cross in the Democratic Party square, and after Simons a cross in the small square. Tingley's name was marked over by a lead-pencil, and there were lead-pencil marks over Republican and Democrat after his name. As there were two Democratic nominees, the voter voted for three persons, and, therefore, the ballot cannot be counted for any one. The lead-pencil marks over Tingley's name did not, in my judgment, eliminate him. When the mark was placed in the Democratic Party square, it was a vote for all the candidates of that party except as modified by votes in the small squares, and under the Act of 1919 it can only be counted for Simons.

No. 2 was a ballot with a cross in the Republican Party square and a cross opposite Tingley's name, just between the words Republican and Democrat, but not in the small square. This should be counted for Tingley, as the cross in the Republican Party square carried the vote for him.

Nos. 3, 4 were two ballots with a cross in the Democratic Party square, and the name Tingley was stricken out by lead-pencil, and also the words Republican and Democrat opposite his name. These, we think, should be counted for Raub and Tingley, who are the Democratic nominees, because the lead-pencil marks did not change the ballot. As was stated in the cases above cited, it is not the intention of the voter outside of the ballot which is to be ascertained, as that is not controlling.

No. 5. There was also a ballot with a cross in the Democratic Party square and crosses opposite Simons and Raub, but not in the small squares. This vote should have been counted for Tingley and Raub, as the marks outside of the small squares mean nothing.

No. 6 was a ballot with no cross in the party square, but a cross opposite the name of Tingley, between the words Republican and Democrat, but not in the party square. The vote, therefore, cannot be counted.

No. 7 was also a ballot with a cross in the Democratic Party square and a lead-pencil mark over Tingley's name, but no marks in the small square. This ballot should be counted for Tingley and Raub.

The net result of the count, as we make it, is as follows:

|  | Tingley | Raub |
|---|---|---|
| Maytown District | 201 | 199 |
| Lincoln School House District | 167 | 133 |
| Springville District | 79 | 125 |
| Making a total of | 447 | 457 |

As Raub has a majority of the votes cast, he is declared elected as school director for the said district.

It is now ordered and directed that the costs of this proceeding shall be paid by the School District of East Donegal Township.

From George Ross Eshleman, Lancaster, Pa.