# Morgan *v.* Terrill, Appellant.

*Election law—Count of ballots—Person aggrieved—Appeals.*

1. Where an election return shows that each of two opposing candidates for the office of assessor received 169 votes, but a special return made by the overseers showed that two ballots rejected from the count, although wrongly marked for another office, "should have been counted for the assessor," and the court makes an order declaring one of the candidates to be entitled to the two votes and declaring such candidate elected, the other candidate has no standing to appeal from such order, if there is nothing in the record of his appeal showing that he had any right or special interest that was prejudically affected by· the order.

2. In such a case a mere statement made by counsel in the printed brief to the effect that the appellant had been appointed assessor after the official return by the county commissioners, will not give him a standing to appeal as a person aggrieved by the order.

Argued Dec. 8, 1910. Appeal, No. 163, Oct. T., 1910, by defendant, from order of Q. S. Schuylkill Co., March Sessions, 1910, No. 1, declaring John T. Morgan elected assessor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Rule to show cause why election returns should not be modified. Before SHAY, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court of quarter sessions.

*M. A. Kilker,* for appellant.—The remedy was by a contest in the regular manner: Thirty-eighth Ward Election, 35 Pa. Superior Ct. 256; Wolverton's Election Case, 1 Walker, 48; South Coventry Twp. Contested Election, 5 Pa. C. C. Rep. 253; Election Returns of Third Ward of Carbondale, 3 Lackawanna Jurist 101; Forkston Twp. Election, 12 Pa. Dist. Rep. 348; Com. ex rel. v. Garrigues, 28 Pa. 9; Hulseman v. Rems, 41 Pa. 396; Com. ex rel. v. Leech, 44 Pa. 332; Goldsworthy et al. v. Boyle, 175 Pa. 246.

The court had no jurisdiction to make the order: Archbald Borough Election, 5 Pa. C. C. Rep. 381; Lehigh County v. Yingling, 6 Pa. C. C. Rep. 594; Steelton Borough's Election, 22 Pa. C. C. Rep. 593; Twentieth Ward Common Councilmen's Election, 2 Pa. Dist. Rep. 396.

*William Wilhelm,* with him *G. F. Brumm,* for appellee.

OPINION BY RICE, P. J., March 3, 1911:

By the return filed in the office of the clerk of the court of quarter sessions by the election board of the east ward of the borough of Gilberton, it appeared that John T. Morgan and William Terrill, the two opposing candidates for the office of assessor, each received 169 votes at the election held on February 15, 1910. The overseer appointed by the court under the Act of January 30, 1874 P. L. 31, made a special report, which was filed on the same day as the return, in which he explained his omission to sign the return, by saying that two ballots were rejected from the count, which, though marked wrong for the office of councilman, "should have been counted for the assessor." The judge of election sealed up these two ballots and filed them with the return. It appears, by inspection of the copies thereof printed in the appellant's paper-book, and it is conceded by his counsel in his history of the case, that they were properly marked for John T. Morgan. Twenty-seven days after the election he filed his petition, setting forth the facts, alleging that because of improper marking of these two ballots for the office of councilman the election board, by mistake and through a misunderstanding of the law applicable to such cases, rejected the ballots for all offices, and praying that the court take cognizance of the special return made by the overseer and the ballots returned by the judge of election, to the end that the two votes be added to the return of 169 for the petitioner. Upon this petition the court granted a rule to show cause why the return should not be modified and the two votes be counted for Morgan. The election

officers filed an answer, in which they stated "that the facts set forth in the said petition are correct; that we were in doubt whether we had a right to cast these votes for John T. Morgan and thought that the court was better able to pass upon the question than we were." Terrill first moved to discharge the rule, and assigned as reasons for his motion that the court had no jurisdiction in the premises and had no power to grant the relief prayed for, and that it was too late at that time to investigate the return. This motion having been overruled, he filed an answer in which he asserted in general terms (1) that no ballots were cast for Morgan excepting those that were counted for him by the election board; (2) that there were as many legal ballots cast for him as for Morgan. The answer made no specific denial that the two ballots referred to in the petition and in the overseers report and filed by the judge of election were actually cast. The proceedings culminated in an order that the two ballots be counted for Morgan; that the vote therefore stand: John T. Morgan 171, William Terrill 169; and that John T. Morgan be declared the duly elected assessor of the ward. From this order Terrill took this appeal.

Section 27 of the Act of June 10, 1893, P. L. 419, as amended by sec. 4 of the Act of April 29, 1903, P. L. 338, provides, inter alia, as follows: "If a voter has marked his ballot otherwise than as directed by this act, so that for any reason it is impossible to determine the voter's choice for any office to be filled, his ballot shall not be counted for such office; but the ballot shall be counted for all other offices for which the names of candidates have been properly marked." It follows that these two ballots ought to have been counted and returned for Morgan; and if this had been done the return would have shown that he had two majority. No doubt the election officers acted honestly; but it cannot be denied that they made a grievous mistake, which there ought to be some mode of correcting. It is argued by appellant's counsel

that the only mode of correcting it was by a proceeding instituted and carried on in accordance with the provision of the statutes regulating contests of election. It is argued on the other hand that the power of the quarter sessions to make the order is necessarily implied in the provision of the act of 1874 for the appointment of overseers to supervise the proceedings of the election officers, and to make report of the same as they may be required by the court. The learned court below adopted the latter view. Before discussing or expressing an opinion upon the question raised by these conflicting contentions, it will be appropriate to consider whether the appellant was aggrieved by the order. The vote for him was not changed thereby. He was not deprived of the right to cause a contest to be instituted if he had so desired. If the order should be annulled the vote would stand a tie, and his right to the office, under the return, or legal standing to obtain it, would be no higher than that of any other person possessing the necessary qualifications. In short, so far as the record shows, he had no right or special interest that was prejudicially affected by the order. True, it is stated in the printed brief of his counsel that the official return showing a tie vote, the county commissioners appointed him assessor before the final order was entered, and that he is still discharging the duties of the office. We need not cite authority to show that the certiorari in such a case as this brings up nothing but the record. This fact was not brought on the record, nor does it appear that it was alleged and brought to the notice of the court at any stage of the proceedings. So far as appears, he set up no right or special interest except that which he had as a candidate for the office, and the case must be viewed in the same way here. Under the circumstances disclosed by the record, including the petition, answers and election returns, we conclude that he was not a party aggrieved by the order, and, therefore, had no right of appeal.

The appeal is quashed.