# Gegg's Election.

*Election law—Ballots—Marking ballots—Statutes—Construction —Remedial—Liberal construction—Acts of June 10, 1893, P. L. 419; April 29, 1903, P. L. 338, and July 9, 1919, P. L. 829.*

1. The Act of July 9, 1919, P. L. 829, amending the Act of April 29, 1903, P. L. 338, which amended the Act of June 10, 1893, P. L. 419, was enacted to give effect more adequately to the intent of the voter; it is remedial in purpose and should be liberally construed to the end intended.

2. Under the Act of July 9, 1919, P. L. 829, a voter may vote the straight party ticket, and then mark crosses after all the candidates for that party without invalidating his ballot. The Act of 1919 did not change the law in this respect.

3. Under the amendment, where the voter makes a cross in a straight party column and then makes a cross opposite the name of one of the party candidates, the ballot is not thereby invalidated. In this respect the amendment changes the previous law. In such case, votes shall be credited to candidates of the party whose square is marked for each office, except that in which there is a mark after the individual candidate's name; the vote for that office shall be credited only to the candidate particularly marked.

4. If the voter makes a cross in the party square, and a cross opposite the name of one or more of the several party candidates, for an office no votes are to be counted for such office because of

the mark in the party square, but only for such individual candidates whose names have been particularly marked.

5. Where more than one candidate is to be elected to any office, and a voter desires to divide his vote among candidates of different parties, he may do so by placing a cross opposite the name of the individual candidates for whom he desires to vote, not exceeding the total number to be elected, irrespective of any mark in the party square.

6. Where a voter makes a mark in a party square and places a mark to the right of the name of a candidate of the same party for a particular office, the votes must be counted for all the candidates of the party whose square is marked, except for that office in which there is the special marking, in which case only that candidate particularly marked shall be credited with a vote regardless of the number to be elected to such office.

7. Where a voter makes a mark in a party square and then for one of the offices puts crosses after the name of the same candidate as the nominee of two parties and scratches out the name of a candidate of a third party for such office, votes shall be counted for all candidates of the party whose square is marked, except for the office in which there is particular marking and for that office the individual candidate marked shall be credited with a vote.

8. Where a ballot for one of the offices is marked in the squares of two parties to the right of the printed name of the same person, the vote must be recognized but it can be counted only once for such candidate: Redman's Election, 173 Pa. 59, distinguished.

9. The difficulty in tabulating the votes of the respective parties so as to fix their standing as parties for future elections, which the counting of a ballot marked after the name of the same person in two different party squares, may present, is not such a controlling consideration as to render invalid a ballot so marked.

10. The principal purpose of an election is to choose persons to fill public offices; ascertaining the political status of the respective groups is a secondary object.

11. Where it is impossible to tell to which party a vote ought to be assigned, it cannot be credited to any.

12. Where a ballot for one of the offices is marked with crosses after the name of the same candidate as the nominee of two parties and is also marked for another candidate and there are three places to be filled, the ballot shows a good vote for two candidates.

13. If a ballot be improperly marked for any one candidate on the ticket, it is not invalid as a whole. It must be counted for all candidates for whom it is properly marked.

14. Where a ballot shows marks of a heavy cross in two party squares, with one of the squares scratched over with lead pencil markings, and there are no other marks on the ballot, such ballot cannot be counted.

15. To permit the counting of such a ballot would open wide the door to fraud.

16. If a voter has inadvertently spoiled his ballot, he may obtain another by returning the spoiled one.

17. The amendment of 1919 applies only to instances in which the voter has made a mark in a party square and has also marked for one or more of the offices crosses in the squares to the right of individual candidates.

Argued May 20, 1924.   Appeal, No. 335, Jan. T., 1923, by Frank Gegg, from order of Q. S. Lancaster Co., Q. S. Journal, No. 186, declaring Elias J. Sterner, elected in the matter of the contested election of Frank Gegg as common councilman of the Seventh Ward of the City of Lancaster.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Petition in election contest.   Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

The material portions of the amending Act of July 9, 1919, P. L. 829, are as follows:

Section 22. On receipt of his ballot, the voter shall forthwith, and without leaving the space enclosed by the guard-rail, retire to one of the voting shelves or compartments and draw a curtain, or shut the screen or door, and shall then prepare his ballot as follows:

If he desires to vote for every candidate of a political party, he may make a cross-mark in the appropriate square, opposite the name of the party of his choice, in the straight-party column on the left of the ballot, and every such cross-mark shall be equivalent to a vote for every candidate for the party so marked: Provided, that the voter may make a cross-mark in the appropriate square, opposite the name of the party of his choice, in the straight-party column on the left of the ballot, and may also make a cross-mark in the square to the right of

any individual candidate whom he favors. In such case his vote shall be counted for all the candidates of the party in whose straight-party column on the left of the ballot he placed such cross-mark, except for those offices for which he has indicated his choice by marking in the square to the right of individual candidates, and his vote shall be counted for such individual candidates which he has thus particularly marked, notwithstanding the fact that he made a mark in the straight-party column on the left of the ballot: Provided further, That in any case where more than one .candidate is to be elected to any office, the voter shall, if he desires to divide his vote among candidates of different parties, make a cross (X) mark in the appropriate square, to the right of each candidate for whom he desires to vote, not exceeding the total number to be elected for such office, and no vote shall be counted for any candidate in such group not individually marked, notwithstanding the mark in the party square.

Elias J. Sterner was declared elected. Frank Gegg appealed.

 , *Error assigned* was, inter alia, order, quoting it.

*Claude S. Smith* and *David F. Magee,* with them *Duane, Morris & Hecksher,* for appellant.—The purpose of the Act of July 9, 1919, was to validate ballots marked with a cross in the party square and then for individual candidates of any party on the same ballot: Pfaff v. Bacon, 249 Pa. 297.

Where more than one candidate is to be elected to any office and a voter desires to divide his vote among candidates of different parties, he may do so by placing a cross-mark opposite the name of the individual candidates for whom he desires to vote, not exceeding the total number to be elected, irrespective of any mark in the party square.

A ballot is valid where a voter, having made a mark in a party square, desiring to correct a mistake, scratches over such mark and places a cross in the party square of his choice—his intention is clear and his vote should be counted: Pfaff v. Bacon, 249 Pa. 297.

Under the Act of 1893, as amended by the Act of 1919, where a ballot is marked with a cross in the party square and a cross opposite individual candidates (though not all) of the same party, such ballot is valid: Pfaff v. Bacon, 249 Pa. 297.

Where a voter places a cross in the party square and a cross opposite the name of every candidate of that party, his vote should be counted: Dailey's App., 232 Pa. 540; Pfaff v. Bacon, 249 Pa. 297.

*Paul A. Mueller,* with him *John M. Groff,* for appellees. —A ballot marked in the straight party squares for two parties, or marked in individual candidate squares for the candidates of two parties for the same office, was an invalid and improperly marked ballot: Pfaff v. Bacon, 249 Pa. 297; Redman's App., 173 Pa. 59; East Donegal Twp.'s Election, 29 Lancaster L. R. 145; Sheive v. Jacobs, 22 Montg. Co. L. R. 75; Gwynedd Twp. Election, 37 Montg. Co. L. R. 314.

A ballot marked in one party square with a cross (X) mark, which cross-mark had been scratched over, and a cross-mark placed in another party square, is a defaced ballot and hence invalid: Newberry Twp. Election, 187 Pa. 297.

The Act of July 9, 1919, P. L. 829, only applies to cut or split tickets: Pfaff v. Bacon, 249 Pa. 297.

OPINION BY MR. JUSTICE SCHAFFER, July 8, 1924:

We are here dealing with a contested election proceeding involving the office of common councilman in the City of Lancaster.

At the election held in November, 1923, three councilmen were to be chosen from the seventh ward of that

city. While there were other parties on the ballot, our concern is with the candidates of the Republican, Democratic and Coalition parties. The candidates of the latter two for the three councilmanic offices were the same.

There are fourteen ballots in question. To determine their effect involves a consideration of some of our decisions, the law relating to the marking and counting of ballots, and particularly the Ballot Act Amendment of July 9, 1919, P. L. 829, which amends sec. 22 of the Act of June 10, 1893, P. L. 419, 430, as amended by section 3 of the Act of April 29, 1903, P. L. 338, 343. This amendment of 1919 was enacted to give effect more adequately to the intent of the voter; it is remedial in purpose and should be liberally construed to the end intended. So construing it, what results are brought about to the ballots in question? We ascertain from the opinion of the court below that:

Ballots Nos. 1, 2, 3, 4 and 5 are marked in the Democratic party square and also marked with a cross opposite the names of Boyd, Haar and Gegg, the Democratic councilmanic candidates, and opposite the names of all the other Democratic candidates on the ballots in the small squares to the right of their names. "These," the court said, "were full tickets, marked both in the Democratic square and in the column squares to the right of the ballot." Even before the 1919 amendment, these ballots would have been valid, for it had been said that a voter might vote the straight party ticket and then mark crosses after all the candidates of that party without invalidating his ballot: Dailey's App., 232 Pa. 540, 543; Pfaff v. Bacon, 249 Pa. 297, 305. Nothing in the amendment manifests the legislature's desire to change the effect of such ballots; in fact they are made effective by the express language of the first proviso of the amendment of 1919: "The voter may make a cross-mark in the appropriate square, opposite the name of the party of his choice......and may also make a cross-

mark in the square to the right of any individual candidates whom he favors......His vote shall be counted for such individual candidate which he has thus particularly marked, notwithstanding the fact that he made a mark in the straight-party column on the left of the ballot." The court refused to count these ballots; this was erroneous. They should all have been counted for appellant.

Ballots Nos. 6 and 7 show a cross in the Republican party square and also a cross opposite the name of Myers, who was one of the Republican candidates for council. Before the amendment of 1919 this ballot would not have been counted: Pfaff v. Bacon, 249 Pa. 297. But the rule in that case has been changed by this act. It is a good vote for Myers because the act reads "His vote shall be counted for such individual candidates which he has thus particularly marked, nothwithstanding the fact that he made a mark in the straight party column on the left of the ballot." To determine whether these two ballots should be counted for any of the other councilmanic candidates it is necessary to look further at the amendment of 1919. Where the voter has made a cross-mark in the party square and also "a cross-mark in the square to the right of any individual candidate whom he favors" the act provides that "in such case his vote shall be counted for all the candidates of the party in whose straight-party column on the left of the ballot be placed such cross-mark, *except* for those offices for which he has indicated his choice by marking in the squares to the right of individual candidates, and his vote shall be counted for such individual candidates which he has thus particularly marked, notwithstanding the fact that he made a mark in the straight party column on the left of the ballot." Inasmuch as the voters of these ballots "indicated [their] choice by marking in the squares to the right of individual candidates" these ballots come within the exception specified and no votes for councilmanic candidates are to be counted because

of a mark in the straight party column; they are to be "counted for such individual candidates which [they have] thus particularly marked" and for them only.

Ballot No. 8 shows a cross in the Coalition party square and also a cross opposite the name of Gegg as a Coalition candidate for council. This is the same kind of ballot as the two preceding ones, and for the reasons stated as to them should have been counted for Gegg.

Ballot No. 9. On this there is a mark in the Democratic square and a mark opposite Boyd, Democratic; Haar, Coalition, and Gegg, Coalition candidate, also a mark opposite Shulenberger, Coalition candidate for assessor. The court declined to count a vote for Gegg on this ballot. This was a mistake. It is within the very words of the second proviso of the amendment of 1919. "Where more than one candidate is to be elected to any office, the voter shall, if he desires to divide his vote among candidates of different parties [as this one did], make a cross (X) mark in the appropriate square, to the right of each candidate for whom he desires to vote, not exceeding the total number to be elected for such office, and no vote shall be counted for any candidate in such group not individually marked, notwithstanding the mark in the party square." The ballot as to Gegg fulfilled the conditions prescribed and should have been counted for him. The fact that the name of Shulenberger, the Coalition candidate for assessor, was also marked, although there was a mark in the Democratic party square, does not affect the ballot. "The voter may make a cross-mark in the appropriate square, opposite the name of the party of his choice, in the straight party column on the left of the ballot, and may also make a cross-mark in the square to the right of any individual candidate whom he favors."

Ballot No. 10 contained a cross in the Coalition party square and a cross opposite Shulenberger for assessor in the Coalition square to the right of his name. The court refused to count this ballot. It is valid under

the first proviso of the amendment and should have been counted for Gegg. "In such case his vote shall be counted for all the candidates of the party in whose straight party column on the left of the ballot he placed such cross-mark, except for those offices for which he has indicated his choice by marking in the square to the right of individual candidates."

Ballot No. 11 has a cross in the Coalition party square and a cross opposite Shulenberger, Democratic candidate for assessor, and also opposite his name as the Coalition candidate for assessor. The name Caldwell, the Republican candidate for assessor, was scratched over in lead pencil. According to our ruling under Ballot No. 12, this would be good for one vote for Shulenberger, and for the reasons given as to Ballot No. 10 it would also be good for all Coalition candidates for other offices. It should therefore be counted for Gegg.

Ballot No. 12 was not marked in any party square, but was marked for Gegg in both the Democratic and Coalition squares to the right of his name. The intent to vote for him is manifest and should be given effect. Our conclusion is that this ballot should be counted for appellant, notwithstanding the fact that his name has been marked in both the Democratic and Coalition columns; it can, of course, be counted only once for him. This ruling is not covered by the decision in Redman's Election, 173 Pa. 59, where the voter marked in the square opposite the name of a candidate and then wrote an identical name in a blank space and marked opposite it. There it was held that, since it could not be determined except by evidence dehors the ballot that the voter was not voting for two men for the same office, it could not be counted; here, (there is no question that) the candidate of the two parties was (not) without question the same person. The difficulty about tabulating the votes of the respective political groups, so as to fix their standing as parties for future elections, which the counting of such a marked ballot may present,

is not a controlling consideration. The principal purpose of an election is to choose persons to fill public offices, and ascertaining the political status of the respective groups is a secondary object. When, as here, it is impossible to tell to which party the vote in question ought to be assigned, it cannot be accredited to any.

Ballot No. 13 was marked with a cross for Haar, one of the councilmanic candidates of both the Democratic and Coalition parties in both the Democratic and Coalition squares to the right of his name. It was also marked with a cross for Gegg (the appellant) in the Democratic square to the right of his name. The party square was not used. The court decided that the vote for appellant was invalid and should not be counted. No reason is given in the court's opinion for rejecting this ballot unless it exists in the general statement: "A principle which seems to be decided by the Supreme Court is, that, where the ballot is improperly marked for any one on the ticket, it is invalid, and the present case is decided on that principle, wherever that situation arises." So far as this ballot is concerned, the amendment of 1919 has no application to it, because that amendment applies only to instances in which the voter has marked in the party square and also marked in the squares to the right of individual candidates. The cross in the square opposite Gegg's name clearly shows the voter's intention to vote for him and that intention should be given effect. The fact that there were crosses after Haar's name in each of the two squares following his name in no way invalidates the vote for Gegg. Even if a ballot be improperly marked for any one candidate on the ticket it is not invalid as a whole. It must be counted for all candidates for whom it is properly marked: section 27 of the Act of June 10, 1893, P. L. 419, 432, as amended by the Act of April 29, 1903, P. L. 338, 345; Morgan v. Terrill, 45 Pa. Superior Ct. 639. Indeed, the ballot shows a good vote for Haar, as well as for Gegg. (See the discussion under Ballot No. 12.)

Ballot No. 14 was marked with a heavy cross over the Democratic party square and another heavy cross over the Coalition party square. The cross-mark in the Democratic square was scratched over with lead pencil markings. There were no other marks on the ballot. The court below determined this was a defaced ballot or else was a vote in two party squares and for either reason was invalid. We agree with this conclusion. To permit the counting of ballots marked in this manner would open wide the door to the obvious fraud of election officers changing ballots so as to make them appear to be for another party than the one indicated by the voter when he marked his ballot. This rule has the virtue of eliminating one possibility of fraud in the computation and return of elections and does not cause any elector to lose his vote. If he has inadvertently spoiled his ballot he may obtain another by returning the spoiled one: section 25 of the Act of June 10, 1893, P. L. 419, 432.

In connection with the ballots which are marked in the party square and also marked in the square opposite the names of individual candidates, it will be noted that the amendment does not say that only individual names marked in squares with other party designations than that already marked in the party square shall be counted, but, "In such case his vote shall be counted for all the candidates of the party in whose straight party column on the left of the ballot he placed such cross-mark, except for those offices for which he has indicated his choice by marking in the squares to the right of individual candidates, and his vote *shall be counted for such individual candidates which he has thus particularly marked,* nothwithstanding the fact that he made a mark in the straight party column on the left of the ballot."

The result as the court computed it, rejecting the ballots as above set forth, showed Sterner with 1,893 votes and Gegg with 1,888 and the former's election. Our con-

clusion is that eleven additonal ballots should have been counted for Gegg, giving him 1,899 votes.

The order of the court below declaring Elias J. Sterner elected is reversed, and it is ordered that a certificate of election shall be issued to Frank Gegg; costs to be paid by the City of Lancaster.