## Springdale Township Election Recount.

Argued March 18, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*W. N. McNair*, for appellants.—The votes rejected by the recount judges were legal votes and should have been counted for appellants because the right to insert names on the ballot is plainly given the voters by the Ballot Law: East Taylor Election Contest, 5 Pa. Dist. 393;

Election of Common Councilmen, 3 Pa. Dist. 120; Middendorf's Case, 4 Pa. Dist. 78; Smith's Petition, 292 Pa. 140; Armstrong's App., 293 Pa. 1.

*Hugh P. Sowers,* with him *William S. Doty* and *Thomas A. Thornton,* for. appellees.—Attempts to vote by sticker, bearing not only the name, but in addition a printed X, were unlawful and properly rejected as such: Rodgers's Election, 234 Pa. 512; McCowin's App., 165 Pa. 233; Lawlor's Election, 180 Pa. 566; Lewis's Election, 40 Pa. C. C. 103; East Taylor Election Contest, 5 Pa. Dist. 393; Armstrong's App., 293 Pa. 1; Dailey's App., 232 Pa. 540; Flynn's Election, 181 Pa. 457; Fairchance Boro. Election, 22 Pa. C. C. 451.

Attempts to vote by stickers attached, not in the space by law permitted for their use, but so as to cover other portions of the ballot, are not lawful votes: Hardinge v. Kuntz, 278 Pa. 232; McCowin's App., 165 Pa. 233; Corydon Twp. Election, 13 Pa. D. & C. 518.

This court can not reverse, without determining not only that the unauthorized printed "X," in addition to the name, was lawful upon the stickers, but that such stickers constituted lawful votes for the office no matter where attached to the ballot: Carbondale's Election, 280 Pa. 159; Robb's Nomination Certificate, 188 Pa. 212.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 27, 1932:
This appeal in the nature of a certiorari is from the findings of the recount judges of Allegheny County by two claimants to the office of township commissioner at large, in Springdale Township. Pursuant to the provisions of the Act of Assembly of April 23, 1927, P. L. 360, a petition was filed on November 20, 1931, by three electors of the township, asking the court to order the ballot box used in the First Election District at the general election on November 3, 1931, to be opened and its contents examined and correctly counted. A deposit of $50

was made in accordance with the act. On the same day, the court ordered the ballot box in question to be opened and ballots contained therein for the various candidates for township offices recounted under the direction of the court by three persons named by the court; the order was not to restrict the examination for and the finding of fraud or substantial error. The ballot box was duly opened and the ballots counted by the persons designated in the presence of the recount judges who saw and ruled upon the validity of disputed ballots. The recount judges found that 191 votes for appellants were illegal because they consisted of ballots to which stickers were attached, having thereon the names of appellants together with a printed X. They also found that a number of these stickers were improperly attached to the ballots in that they covered portions of the ballot other than the space allotted for their use.

The assignments of error relate to the correctness of the lower court's ruling on the question of the validity of the ballots cast with stickers containing the name of the candidate and the printed X. Section 1 of the Act of 1931, P. L. 628, provides: "There shall be left at the end of the list of candidates for each......different office......as many blank spaces as there are persons to be voted for, for such office, in which space the voter may insert the name of any person whose name is not printed on the ballot as a candidate for such office and such insertion shall count as a vote, without the cross mark as hereinafter mentioned." Appellees urge that Rodgers's Contested Election, 234 Pa. 512, is authority for holding that the insertion of stickers containing a printed X in addition to the name of the candidate renders the ballots illegal. In that case, however, the stickers designated the office as well as having the name of the candidate and a printed X, and furthermore they were improperly attached to the ballots. We are of opinion the printed X on the stickers did not impair the validity of the ballots and such ballots with stickers properly

inserted should have been counted and returned. But the record fails to indicate the number of ballots to which the stickers were improperly attached, as distinguished from those which were declared invalid because of the printed X. Improper application of stickers to the ballots renders them invalid: McCowin's App., 165 Pa. 233. In this case, we are unable to ascertain from the record how many ballots had stickers properly affixed.

There is a further reason why appellants cannot succeed here. Where an appeal arises on a writ of certiorari, the appellate court is concerned only with the regularity and sufficiency of the record. It is contended by appellants that Smith's Petition, 292 Pa. 140, is authority for the proposition that this court can inquire into the merits of the present controversy. That case holds that, in passing upon the regularity of the record, findings of fact contained in the opinion of the court below may be considered so far as they concern fundamental questions. This does not mean that errors of law may be raised as appellants seek to do here.

The true rule is expressed in Robb's Nomination Petition, 188 Pa. 212, 213, as follows: "But the scope of our inquiry in this form [certiorari] is very limited; it extends to a mere inspection of the record to determine whether the lower court has exceeded its powers, or has grossly abused the discretion conferred by the statute. ......We cannot go further and inquire whether the judgment of the court below on the whole case was correct, for that would be treating the certiorari as an appeal, without any authority, common law or statutory, so to do."

Our examination of the record shows a full return is not set forth; consequently we are unable to determine the number of legal and illegal votes cast at the election, and the appeal must be dismissed.

Appeal dismissed.