Arnold Boro. Contested Election.

Gott's Appeal.   Romito's Appeal.

Argued April 29, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Robert W. Smith,* of *Smith, Best & Horn,* for appellants.—The court below has not determined the question by gathering the intention of the voter "from the four corners of the ballot," nor has the court applied the law, as we view it, correctly to the situation presented by the ballot: Redman's Election, 173 Pa. 59; Little Beaver Twp. S. Directors Election, 165 Pa. 233; Gegg's Election, 281 Pa. 155; Orlosky v. Haskell, 304 Pa. 57.

If an X had not been placed after the party name Arnold Citizens the eight hundred and eight ballots in question would have been votes for Otis A. Wells as a nonpartisan candidate.

This portion of the official ballot is set apart for the insertion of names "of persons whose names are not printed on the ballot" in which space the voter may insert "the name of any person." If we are to be guided by the authorities we thus far have quoted, this space on the ballot can be used for no other purpose but that held by the court below: Buck v. Cab Co., 75 Pa. Superior Ct. 440.

*Charles C. Crowell,* of *Crowell & Whitehead,* with him *Joseph Bonidy,* for appellees.—The intent of the voters must govern: Gegg's Election, 281 Pa. 155, 160; Redman's Election, 173 Pa. 59; Pfaff v. Bacon, 249 Pa. 297, 306.

Where the legislature specifically prescribes the method of voting, all other modes are forbidden.

The voters used the mode prescribed: Lawlor's Election, 180 Pa. 566.

If the addition of the slips of paper misled the voters, then the election as to the office of council should be held invalid: Pfaff v. Bacon, 249 Pa. 297.

OPINION BY MR. JUSTICE SIMPSON, May 26, 1932:

On these two appeals the following facts are admitted: At the election held November 3, 1931, each elector was entitled to vote for three persons for the office of councilmen in the Borough of Arnold, Westmoreland County. The Arnold Citizens Party duly nominated three persons for the office and their names were printed on the official ballot as its nominees. After the printing, however, but before the election, one of those candidates died, and the party properly substituted another name in his place and stead. In compliance with the requirements of section 12 of the Act of June 10, 1893, P. L. 419, 424, the county commissioners sent to the election officers, "with the ballots, suitable slips of paper bearing the substituted name, together with the title of the office, and having adhesive paste upon the reverse side." The election officers, also in compliance with that section of the statute, gave one of them to each intending voter together with the regular ballot. A number of the voters pasted the slips thus received in the proper place on their ballots, and then put a cross mark in the Arnold Citizens Party square thereon; but did not otherwise mark their ballots. The election officers, so far as concerned the candidates of that party, counted the votes thus marked in favor of the substituted nominee only, the effect of which was that appellants, who were candidates of another party, had a higher vote than appellees, who were named on the printed ballots as the other two nominees of the Arnold Citizens Party. On this contest of the election, the court below counted the votes thus marked in favor of all three of the nominees of that party, and this resulted in an order decreeing that appel-

lees were duly elected. Our only question is: Which of the methods of counting the ballots was correct? We agree with the court below.

The full paragraph of the statute, which we have partially quoted above, is as follows: "As soon as any substituted candidate shall have been duly nominated, his name shall be substituted by the proper officers in the place of that of the candidate who has died or withdrawn so far as time may allow, and in case a substituted nomination be filed with or transmitted to the county commissioners after the ballots have been printed, the said commissioners shall prepare and distribute with the ballots suitable slips of paper bearing the substituted name, together with the title of the office, and having adhesive paste upon the reverse side, which shall be offered to each voter with the regular ballot and may be affixed thereto." The statute does not state what shall be the effect of so doing, but as it is a "substituted name," manifestly it must, in legal effect, be on the ballot in the place and stead of the name for which it is substituted, exactly as would have been the case had the substitution taken place in time to have the new name printed on the ballot.

This conclusion is in accord with the provisions of our election laws, and no other would be. From the earliest one which provides for an official ballot (section 14, Act of June 10, 1893, P. L. 419, 425), to the latest of them (section 1, Act of June 22, 1931, P. L. 628), in each and every statute dealing with this branch of the subject, the legislature has enacted that a mark in the party circle or square shall be a vote for each of the candidates of that party on the ballot. The cross in the Arnold Citizens Party square resulted, therefore, in sustaining the conclusion of the court below, since appellees were on the ballot as candidates of that party. So, also, since each slip pasted on the ballot, as cast, operated as a vote for the one named thereon, though no cross mark was placed alongside the name (section 2, Act of June 22,

1931, P. L. 628, 632), and as the mark in the party square operated as a vote for each of those shown by the ballots to be the nominees of that party for council, as appellees at all times had been and still were, the ballots thus marked were properly counted for all three, since this was the manifest intention of the electors (Gegg's Election, 281 Pa. 155, 160), and they were entitled to vote for three persons for the office. In every aspect, therefore, the decision of the court below was correct.

The decree of the court below is affirmed and each appeal is dismissed at the cost of the appellant therein.