## Clinton Township Election

*A. G. Rutherford* and *J. Wilson Ames*, for petitioner.

*Louis A. Fine*, contra.

SWOYER, P. J., December 13, 1933. — It appears that at the election held November 7, 1933, in the two election districts of Clinton Township, in Wayne County, Charles Gilroy was a candidate for the office of school director on the Republican and Democratic tickets, and Joseph Senich was a candidate for the same office on "stickers". The count covering both districts as made by the election board showed a total in both districts of 226 votes for Charles Gilroy and 267 votes for Joseph Senich.

On November 9, 1933, a petition to open the ballot boxes in both districts was filed, asking that a recount be made in accordance with the Act of April 23, 1927, P. L. 360. In accordance with the prayer of the said petition, a commission was appointed and a recount had, and it is to the report of the said

commission that exceptions have been taken. It is upon this report and exceptions thereto that the matter is before the court.

We were not present at the recount, and the commission in its recount possibly exceeded its authority in ruling upon certain questions of law involved, but inasmuch as these questions of law are now before the court no harm has been done by this action of the commission. As to findings of fact, the findings of the commission are conclusive, nor do we find that it is either mandatory or customary for the court to preside at such recount proceedings; it is sufficient that the commission function under the direction of the court. We therefore see no necessity for another reopening of the ballot boxes.

The commission in its report held that 11 ballots in the first election district and 1 ballot in the second election district were entirely void, by reason of the fact that the numbered stub on the said ballots was not torn off. In this conclusion it was correct, such ballots being void under section 5 of the Act of June 22, 1931, P. L. 627, which specifically provides:

"Any ballot deposited in a ballot box at any such election without having the upper right hand corner thereof torn off as provided in this act shall be void."

The commissioners also found 17 ballots in the first election district and 4 ballots in the second election district to be void as to Joseph Senich, for the reason that the stickers of the said Joseph Senich were pasted over the names of other candidates on the ballot and not placed in the proper box allotted for the placing of stickers for the office of school director. Here again the commissioners were correct in their ruling, under the authority of Corydon Township Election, 13 D. & C. 518; we believe it to be well-settled law that where names are written in or stickers pasted over the names of other candidates or scattered generally upon the ballot, in fact, placed in any space other than the box provided for the insertion of additional names under the particular office sought, that vote cannot be counted for the person whose name is written in or whose sticker is pasted on.

The commissioners also found that in the second election district a sticker vote was cast as follows: Joseph Senich, 117; Senich, 4; Joseph Sennett, 1, and J. Sennett, 1. The commissioners correctly counted these votes as being for different persons, crediting Joseph Senich only with the 117 votes which he received under that name. A similar situation is very clearly ruled upon in Corydon Township Election, 13 D. & C. 518, and we also recall a higher court decision in connection with a judgeship election in Susquehanna County in which votes cast for F. L. Van Scoten, Frank Van Scoten, and Van Scoten were held to be for different individuals. We do not attempt to reconcile these decisions with the doctrine that the intention of the voter, where ascertainable and not contrary to law, must govern. We can only say that these decisions have not been reversed and are therefore at the present time the law.

The commissioners declared that 1 ballot in the first election district and 4 ballots in the second election district were void for the reason that the voter, after marking a cross in the straight party square, pasted a sticker bearing the name of Joseph Senich in the proper box under the names of the regular nominees for school director, without marking an "x" after the name of either of the other candidates. In holding that these ballots should be void as to the school director, the commissioners proceeded on the theory that the cross in the straight party column was a vote for the two regular candidates (who were nominees on both tickets), while the vote for Senich by means of a sticker indicated the desire of the elector to vote for him—hence, there was a vote for each of three candidates whereas only two could be voted for. Being unable to

determine which two out of the three were entitled to the voter's favor, they decided that the vote should be counted for neither Smith, Gilroy, nor Senich.

We cannot agree with this contention. It is well settled that a cross in the party square with no other mark upon the ballot counts a vote for each of the candidates of that party, but that where an elector marks the party square and in addition places an "x" after the name of individual candidates, it is an expression of his intention to vote the straight party ticket with the exception of the candidates so individually marked. We can see no material difference between marking an "x" opposite the printed name of a candidate upon the ballot and indicating such choice by the pasting of a sticker, bearing the name of a candidate not on the ballot, in the proper space. Such a vote can be counted only for the candidate so specifically designated. For this we believe that we have good authority.

"Where a voter makes a mark in a party square and places a mark to the right of the name of a candidate of the same party for a particular office, the votes must be counted for all the candidates of the party whose square is marked, except for that office in which there is the special marking, in which case only that candidate particularly marked shall be credited with a vote regardless of the number to be elected to such office": Gegg's Election, 281 Pa. 155 (syllabus 6 at p. 156).

These five votes should therefore not be counted for Smith or Gilroy, but should be counted for Joseph Senich.

With this exception, we confirm the report of the commissioners and dismiss the exceptions thereto, recasting their recount in conformity with this opinion, as follows:

First election district:

| | |
|---|---|
| S. D. Smith, R. | 169 votes |
| S. D. Smith, D. | 31 votes |
| Chas. Gilroy, R. | 36 votes |
| Chas. Gilroy, D. | 18 votes |
| Joseph Senich, stickers | 106 votes |
| J. H. Chyle, stickers | 3 votes |

Second election district:

| | |
|---|---|
| S. D. Smith, R. | 114 votes |
| S. D. Smith, D. | 22 votes |
| Chas. Gilroy, R. | 131 votes |
| Chas. Gilroy, D. | 38 votes |
| Joseph Senich, stickers | 121 votes |
| Senich, stickers | 4 votes |
| Joe Senich, stickers | 5 votes |
| Joseph Sennett | 1 vote |
| J. Sennett | 1 vote |

A tabulation of this vote for the three principal candidates shows for both districts:

| | |
|---|---|
| S. D. Smith, R. and D. | received 336 votes |
| Joseph Senich | received 227 votes |
| Chas. Gilroy, R. and D. | received 223 votes |

From the above tabulation it appears that S. D. Smith and Joseph Senich, having received the highest number of votes of the three candidates, are elected school directors of the Township of Clinton, and it is ordered and decreed that the said S. D. Smith and Joseph Senich are elected school directors of the said Clinton Township in accordance with this opinion, the said order to operate as

a decree nisi to become absolute as of course unless exceptions thereto be filed within 5 days. If exceptions are not so filed, then the prothonotary is directed at the expiration of 5 days from this date to certify the election of the said school directors in such manner as is now by law provided.

It is further ordered and decreed that the deposit of $100 made by the petitioners in this case be returned to them, and that the record costs of this proceeding be paid by the County of Wayne, for which payment this shall be sufficient warrant.