## In re Opening of Ballot Box in Third Election District, Forty-First Ward, Philadelphia.

Argued November 26, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Marshall H. Morgan,* with him *Hubert J. Horan, Jr., William A. Draper* and *Thomas D. McBride,* for appellants.

*Thomas J. Minnick,* with him *Richard T. McSorley,* for appellees, candidates for office, nominated by the Democratic Party.

*C. Brewster Rhoads,* with him *Lemuel B. Schofield,* for appellees, candidates for judicial office, nominated by Democratic Party.

PER CURIAM, November 29, 1937:
The court is of the opinion that the order of the court below should be affirmed. An opinion will be written later.
Order affirmed at appellants' cost.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1938:
The question here presented involves the construction of certain sections of the "Pennsylvania Election Code" approved June 3, 1937, P. L. 1333.
We have heretofore handed down an order confirming the action of the court below in counting the disputed

ballots in the way it did. This opinion is written so that our reasons for the conclusion reached may be stated. Urgency of decision in order that the election count might proceed prevented preparation of an opinion when our order was made.

Appellants' counsel state the question involved thus: Where, in proceedings instituted under section 1701 of the Pennsylvania Election Code, a ballot box is opened and the ballots contained therein are counted by the court, shall a ballot, marked with a cross (x) mark opposite the name of one of the political parties in the party column and also with one or more cross (x) marks opposite the name or names of individual candidates of the same or another party, be counted *only* for the candidates so individually marked?

The court below answered in the negative and counted the ballots as a vote for each candidate individually marked, and also, as a vote for each candidate of the political party marked in the party column, except as to the office or offices for which the individual candidate or candidates had been so marked.

For the position, that so-called "split" ballots are to be counted only for individual candidates marked, appellants' counsel rely upon subsection (b) of section 1223 of the act which reads: "At November elections, a cross (x) mark in the square opposite the name of a political party or political body in the party column shall be counted as a vote for every candidate of that party or body so marked, including its candidates for presidential electors, except for those offices as to which the voter has indicated a choice for individual candidates of the same or another party or body in any office block, in which case the ballot shall be counted only for the candidates thus individually marked, notwithstanding the fact that the voter has made a mark in the party column, and even though in the case of an office for which more than one candidate is to be voted for, he has

not individually marked for such office the full number of candidates for which he is entitled to vote."

We do not construe this section of the act as appellants would have its meaning declared. Its proper construction is, in those instances in which an elector has marked in the party square, and has also marked in an office block, for less than the full number of candidates for which he is entitled to vote, as for instance, where three judges of a court are to be elected and the voter has marked in the party square, and then marks one of the individual candidates for judge of that or any other party, notwithstanding his mark in the party square, his vote shall not be counted for all the judicial candidates, but only for the one individually marked. For all other candidates of the party, except those in that office block his vote shall be counted. While the language of the section is not as clear as it might be, we think the construction we have given it necessarily follows from the language used. The phrase "in which case" refers to the antecedent word "in any office block" and the words should be read "in any office block the ballot shall be counted only for the candidates thus individually marked."

When other sections are read the meaning of this one becomes clear beyond peradventure. Thus in section 1003 under the subtitle "Form of Official Election Ballot" it is provided "(a) The official ballots for general municipal and special elections shall be in substantially the following form:

OFFICIAL BALLOT

......District......Ward, City of .................... County of .................... State of Pennsylvania.

.......Election held on the .......... day of ............., 19..

A cross mark (x) in the square opposite the name of any candidate indicates a vote for that candidate.

To vote a straight party ticket, mark a cross (x) in the square, in the Party Column, opposite the name of the party of your choice. To vote for an individual candidate of another party after making a mark in the party square, mark a cross (x) opposite his

name. For an office where more than one candidate is to be voted for, the voter, after marking in the party square, may divide his vote by marking a cross (x) to the right of each candidate for whom he or she desires to vote. For such office votes shall not be counted for candidates not individually marked."

The voter is thereby informed, that after voting a straight party ticket, by marking a cross in the square in the party column, he may vote for an individual candidate of another party. Of course this implies that his vote shall be counted for all candidates of the party marked except the candidate for an office as to which he has voted for another. Furthermore he is told for an office where more than one candidate is to be voted for, after marking in the party square he may divide his vote by marking a cross to the right of each candidate for whom he desires to vote, but his party square vote will not be counted, so far as that office is concerned, for candidates not individually marked, implying that it will be counted for all others.

Subsection (c) of section 1215 provides: "At elections, the elector shall prepare his ballot in the following manner: He may vote for the candidates of his choice for each office to be filled according to the number of persons to be voted for by him for each office, by making a cross (x) mark in the square opposite the name of the candidate, or he may insert by writing, stamping or sticker, in the blank space provided therefor, any name not already printed on the ballot, and such insertion shall count as a vote without the making of a cross (x) mark. If he desires to vote for every candidate of a political party or political body, except its candidates for offices as to which he votes for individual candidates in the manner hereinafter provided, he may make a cross (x) mark in the square opposite the name of the party or political body of his choice in the party column on the left of the ballot, and every such cross (x) mark shall be equivalent to and be counted as a vote for every candidate of a party or political

body so marked, including its candidates for presidential electors, except for those offices as to which he has indicated a choice for individual candidates of the same or another party or political body, by marking a cross (x) mark opposite their names in the manner hereinabove provided, as to which offices his ballot shall be counted only for the candidates which he has thus individually marked, notwithstanding the fact that he made a mark in the party column, and even though in the case of an office for which more than one candidate is to be voted for, he has not individually marked for such office the full number of candidates for which he is entitled to vote."

It would be a strange anomaly, if, after telling the elector how to prepare his ballot, and if he desires to vote for every candidate of a political party except its candidates for offices as to which he votes for individual candidates he may make a cross mark in the square opposite the name of the party, in the party column on the left of the ballot, and such cross mark shall be counted as a vote for every candidate of the party so marked, *except for those offices* as to which he has marked for individuals, and that his ballot shall be counted *for such offices* only for the candidates individually marked, the statute should provide in a subsequent section, that although he had marked as directed, and been assured that his vote so marked would be counted for all other party candidates, it would not be.

Moreover the construction we are now giving to the act is in harmony with the law as it was when the code was adopted (Act of July 9, 1919, P. L. 829, Sec. 1, 25 PS sec. 1883), *Gegg's Election,* 281 Pa. 155, 126 A. 260, and it would be rationally unsupposable that the legislature intended such a sweeping change in the manner of voting as appellants contend unless the intention to make the change was clearly manifest in the new code. The code being a general revision, the law therein written will be deemed the same as it was prior to revision

in the absence of any evidence of a clear intention to change it: *Miles's Est.*, 272 Pa. 329, 116 A. 300; *Gordon v. Continental Cas. Co.*, 319 Pa. 555, 181 A. 574.

It should be stated that our consideration of this proceeding is not to be considered a precedent for our review of election counts. See *Smith's Petition*, 292 Pa. 140, 140 A. 854; *Springdale Township Election Recount*, 307 Pa. 312, 161 A. 73. See also *Rimer's Contested Election*, 316 Pa. 342, 175 A. 544.

The order of the court below is affirmed at appellants' cost.