## In re The Contest of a Certain Absentee Ballot

*Edward C. Connolly,* for petitioner.
*John D. Blumenthal,* for Board of Elections.

BIESTER, *J.,* November 17, 1987—We have before us an appeal from the decision of the Bucks County Board of Elections which upheld a particular absentee ballot submitted and counted in connection with the general election of November 3, 1987, for the position of New Hope Borough Council. That particular council election is very close and the treatment of this ballot could be decisive in that election. We are therefore filing our memorandum

and order promptly and appreciate the cooperation of counsel in submitting their memoranda expeditiously..

The absentee ballot in question includes the following instructions: .

"A cross (X) or check (√) mark in the square opposite the name of any candidate, indicates a vote for that candidate.

"To vote a straight party ticket, mark a (X) or (√) in the square in the Party Column, opposite the name of the party of your choice.

"To vote for an individual candidate of another party, after making a mark in the party square, mark a cross (X) or check (√) opposite his or her name."

The ballot in question with respect to the party column shows a vote in the large box of a straight party ticket (X) in the Democratic box. In the election for judge of the Commonwealth Court the ballot shows two Xs in the particular spots for the Democratic candidates. For county commissioner the ballot shows an X in the two particular spots for the Democratic candidates for county commissioner. In the register of wills issue, the ballot shows an X marked on behalf of the Democratic candidate. The same is true for county treasurer, clerk of courts and coroner. There was only one candidate running as a Democratic and Republican candidate for district justice and that candidate was the only candidate who received an X in the particular box for that candidate. In the election for school directors-at-large, all five of the candidates ran as both Democratic and Republican candidates; one of those persons was voted for with particularity by the voter in this ballot although all five could have been voted for. The New Hope Borough Council had two sets of candidates, one set for a two-year term and

one set for a four-year term. In the contest for borough council-at-large for a two-year term, there is no particular X for any of the three candidates in that contest. With respect to borough council-at-large for four-year term, two of the candidates voted for are both Democratic.

With respect to the vote on the question of agricultural land preservation the voter voted in the box marked "Yes."

The question presented to us out of this ballot is whether the straight party vote for Democratic applies to the Democratic candidate Geraldine Delevich in her election contest with two Republicans for the borough council-at-large seat for a two-year term.

The first issue raised by the county Board of Elections is whether the petition or so-called petition was filed timely. We find that the petition/appeal was filed timely and the matter is properly before us for resolution.

With respect to the merits of the issue, we note that the Election Code 25 Pa.C.S. §3063(b) provides as follows with respect to written ballots:

"At November elections, a cross (X) or check (√) mark in the square opposite the name of political party or political body in the party column shall be counted as a vote for every candidate of that party or body so marked, including its candidates for presidential electors, except for those offices to which the voter has indicated a choice for individual candidates of the same or another party or body in any office block; in which case the ballot for such block shall be counted only for the candidates thus individually marked, notwithstanding the fact that the voter has made a mark in the party column, and even though in the case of an office for which more than one candidate is to be voted for, he has not in-

dividually marked for such office the full number of candidates for which he is entitled to vote."

As one can readily see the straight party vote counts for every candidate of that party, except for those particular offices as to which the straight party voter has indicated a separate and particular choice for individual candidates of the same or another party in any particular office block. The clear language therefore provides that when one votes straight party vote and does not particularize one's vote with respect to a particular office, then that straight party vote counts for that party's candidate in that particular contest.

Not only is that the plain reading of the statute, we also have the advantage of two significant cases. The first is *In re Opening of Ballot Box of Third Election Dist. of 41st Ward of Keighley,* 328 Pa. 535, 195 Atl. 890 (1938). In that case our Supreme Court construed the statute in the following terms. The court held that where a voter has marked a straight party square, that vote will be applied to all contests as to which no separate X may appear even if the voter on other particular races has cast a separate vote in addition or in contradiction to the straight party vote. The Bucks County Common Pleas Court in *In Petition of Mohn,* 21 Bucks Co. L. Rep. 424 (1971) followed that Supreme Court ruling and applied the same standard to an election in Bucks County.

Counsel for the petitioner/appellant has urged us to consider the last sentence of the Supreme Court's opinion *In re Keighley,* as some form of limit on the future applicability of the reasoning and decision of that case. We have carefully read the sentence involved and have looked at cases referred to therein and it seems clear that what the court was speaking to in that sentence was not anything to sap the vital-

ity of its reasoning and decision in *Keighley*, but rather to point out that its consideration of that appeal was not to be deemed a precedent in its availability to consider all such appeals.

For the above reasons we find the decision of the Bucks County Board of Elections to be correct and we deny and overrule petitioner's appeal from that board. That board's decision allowing the disputed vote to be counted in favor of the candidate Geraldine Delevich is hereby sustained.